UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ERIC D. WILLIAMS                                                              PLAINTIFF

V.                              No. 3:20CV00070-DPM-JTR

BRENT COX, Administrator,
Greene County Detention Facility, *et al.*                        DEFENDANTS

**ORDER**

This Order addresses two pending motions: (1) a Motion for Leave to File Answer Out of Time (*Doc. 40)* filed by Defendants Brent Cox, ("Cox"), Ryan Hubble ("Hubble"), Sergeant Barnum ("Barnum"); D. Crittenden ("Crittenden") and Sheriff Steve Franks ("Franks") ; and (2) a Motion to Set Aside Service of Process filed by Defendant Lowen Cate ("Cate") (*Doc. 42)*.

Plaintiff Eric Williams has not responded to either Motion, and the time to do so has passed.[1]

**Motion for Leave to File Answer Out of Time**

A defendant's time to file a responsive pleading is calculated from the date on which the defendant is served or waived service. *See* Fed. R. Civ. P. 12(a)(1)(A). A

---

[1] Beginning January 25, 2021, the Court began receiving returned mail from items mailed to Williams. *See*, *e.g., Doc. Nos. 52-54*. Thus, it is possible that Williams did not receive copies of either Motion. However, it is Williams' obligation to ensure the Court has a valid address. The Court has addressed this issue in a separate Order.

responsive pleading must be filed within 21 days of being served with summons and the complaint. *Id*. A court, however, may extend the time to file a responsive pleading "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

On July 7, 2020 and August 25, 2020, proof of service was filed with the Court indicating that the United States Marshal Service ("USMS") served Defendants Cox, Hubble, Barnum, Cate, Crittenden, and Franks, at the Greene County Detention Center ("GCDC") in Paragould, Arkansas by certified mail, return receipt requested. *Docs. 15-19, 31.* An individual named "Courtney Williams," presumably a GCDC employee, signed the certified mail return receipt for all Defendants, as their agent. *Id*.

On December 17, 2020, the Court entered an Order directing the Defendants to show cause why a default should not be entered and requiring service of the Order by certified mail. *Doc. 36.*

On January 7, 2021, Defendants Cox, Hubble, Barnum, Crittenden and Franks filed the Motion for Leave to File Answer Out of Time now before the Court. As cause for their failure to file a timely Answer, Defendants, through counsel, state that GCDC personnel accepted service of Williams' Complaint, but failed to forward a copy to defense counsel until January 6, 2021. The very next day, defense counsel filed their pending Motion, along with a proposed Answer.

The Court must determine whether the Defendants "failed to act because of excusable neglect," in which case it may extend the time to file an Answer.  The concept of "excusable neglect" is flexible and permits courts "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388-89 (1993).  In evaluating whether a party's neglect is excusable, the following factors are relevant:  (1)  the possible prejudice to the defendant; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether the delay was within the party's reasonable control; (4) whether the party acted in good faith.  *Kurka v. Iowa City, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010) (citing *Pioneer*, 507 U.S. at 395).  The factors are not of equal importance; the "key factor" is the reason for the delay.  *Id*. at 959 (omitting citation).

In evaluating the reason for the delay and whether Defendants could control it, it is unclear why Courtney Williams, the GCDC employee who signed for the certified mail, failed to provide a copy of the lawsuit to counsel.  The record is also silent on whether any of the Defendants were notified of the lawsuit.  However, there is no suggestion that any of the individual Defendants were responsible for the delay

3

or had the ability to control it.² The GCDC, and its employees, are frequently sued by detainees and should have a process in place for ensuring that new complaints are directed to counsel so that timely responsive pleadings can be filed. On the other hand, the volume of lawsuits increases the likelihood of mistakes occurring. This factor weighs in favor of finding excusable neglect.

The remaining factors also weigh in Defendants' favor. No factual basis exists to question the good-faith of Defendants. While the approximately six month delay in filing a responsive pleading has caused some delay, the delay is not material. It would be prejudicial to Defendants not to allow them to defend the merits of the lawsuit.

### **Motion to Set Aside Service of Process**

In support of his Motion, Defendant Cate states that, on June 26, 2020, when Courtney Williams signed for certified mail addressed to him, he was not a GCDC employee and had not been since December 29, 2019. *Doc. 42 at 1*. For relief, Cate requests that the purported service be set aside.

---

² While Defendants do not raise the issue, it is unclear whether the service on the Defendants was valid. Under Fed. R. Civ. P. 4(e)(1) and Ark. R. Civ. P. 4(g)(1), when serving an individual by certified mail, the item "shall be addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee." Ark. R. Civ. P. 4(g)(1). *See also Valley v. Helena Nat. Bank*, 99 Ark. App. 270, 259 S.W.3d 461, 462-64 (2007) (service by mail was improper where secretary in defendant's office building signed return receipt, but she was not an agent appointed by defendant according to applicable postal regulations who could accept service of process on his behalf).

As Cate was not employed at the GCDC on the date of service, the Court finds he was not properly served with summons within the meaning of Fed. R. Civ. P. 4(e).

IT IS THEREFORE ORDERED THAT:

1. The Motion for Leave to File Answer Out of Time, *Doc. 40*, filed by Defendants Barnum, Cox, Crittenden, Franks, and Hubble is GRANTED. The Clerk is directed to docket Defendants Answer, *Doc. 40-1*, as a new filing.

2. Defendant Lowen Cate's Motion to Set Aside Service of Process, *Doc. 42*, is GRANTED. Counsel is directed to provide, under seal, a copy of Cate's last known address so that service may be attempted again.

IT IS SO ORDERED this 8th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE