**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ERIC D. WILLIAMS                                                                    PLAINTIFF

VS.                              NO.   3:20-CV-00070 DPM-JTR

BRENT COX, RYAN HUBBLE,
BARNUM, L. CATE, D. CRITTENDEN,
and STEVE FRANKS                                                                   DEFENDANTS

**DEFENDANTS' STATEMENT OF INDISPUTABLE MATERIAL FACTS**

1. On October 22, 2019, Plaintiff Eric D. Williams was transferred from the Pulaski County Detention Facility to the Green County Detention Center where he was held for the U.S. Marshals Service. *See* Exhibit A1, Arrest and Booking, page 2, 3.

2. On October 26, 2019, Sgt. Dane Barnum, Cpl. Ruby Williams, and Ofc. Armstrong conducted a shake down looking for extra facility issued items.   *See* Exhibit A5, Due Process forms, page 1. Inmates Eric Williams and Christopher Travis had the vents inside of their cell blocked with paper. *Id*. Sgt. Barnum questioned both inmates and both denied putting the paper over the vents. *Id*. Both inmates stated the vents had been like that for two weeks. *Id*. Sgt. Barnum took the inmates to lockdown and gave them due process forms. *Id*.

3. On October 27, 2019, Williams filed grievance #5,269,898 claiming lack of due process. Williams stated:

> I am writing a grievance due to the fact that I was brought to the hole without due process of the law. I was never seen by the disciplinary board. I was never given the opportunity to please innocent or guilty, nor was I given a chance to call witnesses. I was taken to the hole and my mat and blanket taken without due process of law. This is a violation of my constitutional rights. Also, I cellmate in N2-6 admitted to covering the vent up with a piece

1

of paper and I was still brought to the hole.

*See* Exhibit A2, Requests and Grievances, page 1.   On November 07, 2019, Sgt. Harris responded that Williams's due process was reviewed by the jail supervisor. *Id*. The same day, Williams appealed the review. *Id*. On November 12, 2020, Asst. Jail Administrator D. Crittenden responded citing the due process form Williams was provided and his responses including Williams's lack of witnesses identified on the form. *Id*. Crittenden upheld the due process decision. *Id*. That afternoon, Williams requested a transcript of the proceedings. *Id*. Director Cox responded on December 09, 2019, that all of Williams's records would be released upon proper court order. *See* Exhibit A2, Requests and Grievances, page 2.

4.  On October 27, 2019, Williams submitted medical request #5,269,913 for a lower bunk because of a steal rod in his leg and stated he was allergic to wool blankets. *See* Exhibit A2, Requests and Grievances, page 3. The next day, LPN Huggins responded stating Williams's diagnosis was not an approved diagnosis for a bottom bunk. *Id*. Huggins also responded they would need documentation from the first facility where Williams had an allergic reaction to wool to see if they could treat the symptoms. *Id*. On the same day, Williams sent in an appeal stating, "I want to cancel all medication immediately!" *Id*. Williams alleged he was never informed nor approved for any money to be taken for medicines or medical care. *Id*. Williams stated, "I do not need you[r] medical treatment nor will I accept any treatment or medicines from you." *Id*. Williams also stated, "I will not sign a refusal every medical call either." *Id*. LPN Huggins responded the following day and informed Williams that he would have to sign refusals. *Id*.

5.  On November 30, 2019, Williams filed grievance #5,467,080 requesting an answer to his alleged open grievances. *See* Exhibit A2, Requests and Grievances, page 26. Williams stated:

> I have 9 open grievances dating back to the 27th of October. I aim to exghaust [sic] all legal remedies to some of the complaints and take them to the next level of a civil complain because some of them are in violation of my constitutional rights eg. [sic] (Due Process). I am requesting an answer and in the future that who ever job it is to answer these griences [sic] to get on top of their job and answer them in a timely manner or find another job. Matter of fact, who's job is it to answer grienvances [sic] anyway?

*Id*. Sgt. Harris responded on December 09, 2019, that grievances and request were being answered. *Id*. Williams appealed the same day stating he was trying to exhaust all remedies that the facility offered. *Id*. Williams requested his grievances be answered in a timely manner. *Id*. D. Crittenden responded on February 19, 2020, that B. Harris had answered this appeal. *Id*. Williams appealed again stating he already filed a complaint with the courts concerning interference with his access to courts via grievance process. *Id*. B. Cox responded on February 28, 2020 that no response was needed because Williams was no longer there. *See* Exhibit A2, Requests and Grievances, page 27.

6.  On December 18, 2019, officer Lowin Cate placed Williams on three days disciplinary action for disrupting detention center operations.   *See* Exhibit A-5, Due Process Forms, page 2. Williams chose to exercise his right to due process but did not list any witnesses. *Id.* Williams alleges he was sent to segregation and denied privileges without a hearing. *See* Exhibit A-5, Due Process Forms, page 3.

7.  From December 21, 2019 until December 29, 2019, Plaintiff filed 6 requests (medical and maintenance) on the kiosk.   *See*, Exhibit A2, Requests and Grievances, page 39 – 44.

8.  On December 29, 2019, Williams submitted maintenance request #5,866,546 and claimed that he was unable to file grievances because the system limited him to three. *See* Exhibit A2, Requests and Grievances, page 45. Officer Hubble responded on January 09, 2020, that he showed no open grievances for Williams. *Id*. Williams replied on the same day he was still unable to write grievances in the kiosk. *See* Exhibit A2, Requests and Grievances, page 46. Hubble responded that afternoon there were no grievances he could see, and appealed grievances go to the administration. *Id*.

9.  On January 18, 2020, Williams was put on five days disciplinary action for disrupting jail operations. *See* Exhibit A-5, Due Process Forms, page 4. Williams reiterated in his due process statement form, his notice of refusal of medical treatment he submitted on the kiosk on October 28, 2020. *See* Exhibit A-5, Due Process Forms, page 5. Williams again stated, "I will not be dealing with medical in any way, shape, form or fashion." *Id*.

10. On January 19, 2020, Plaintiff filed general request #5,984,268 stating:

    I got locked up this morning for refusing to go to medical at 5 am for a blood pressure check.   I ask that you look on my medical requests and you will see that on 10/28/19 I sent medical a request asking to be taken off all meds and notto call me for medical for anything. I was taken to medical the day after that and I signed a refusal.   Two weeks later I was charged $20 for nothing and I've written you , Brent Cox and the US Marshals several times about that issue.   Why am I locked up?   IDONOTDEALWITMEDICAL [sic].

    The following day, Booking Officer Moss responded that the message would be forwarded "to Admin." See Ex. A-2, Requests and Grievances, page 54.

11. On January 19, 2020, Williams submitted an additional medical request asking for his name to be removed from the blood pressure check list. *See* Exhibit A2, Requests and Grievances, page 53. Williams stated:

> Take my name of[f] the blood pressure check list. I refuse to participate or deal with your medical services, due to the fact, y'all stole money from me without services rendered and I will not stand for that. I will not sign up for sick calls, doctor calls, or do I want blood pressure checks. If I am on my death bed, I WILL NOT ASK FOR YOU HELP! Therefore, TAKE MY NAME OFF OF ANY AND ALL LIST THAT HAS ANYTHING TO DO WITH MEDICAL. Thank you!

*Id*. Nurse Glenn replied the following day that Williams would be removed from the blood pressure checklist because he was not currently taking any medications. *Id*.

12. On February 6, 2020, Plaintiff filed a general request about the grievance process and how he was not able to file a grievance every day. "I should be given the opportunity to file a grievance any and every time I have been subjected to a wrong or an injustice…. JUSTICE DELAYED IS JUSTICE DENIED." *See*, Exhibit A2, Requests and Grievances, page 58.

13. On February 27, 2020, Williams filed the Complaint herein. Doc 2.

14. On March 1, 2020, Plaintiff filed a grievance saying that he had not been given a proper response to his grievances. On March 3, 2020, Brent Cox apologized for mistakenly marking Plaintiff's grievances as "no longer here." The same day, Plaintiff appealed and identified three grievances that he needed responses to: #5,475,157; #5,467,080; and #5,433,871. Cox responded to each of the identified grievances on April 14, 2020. Plaintiff filed a second appeal on April 14, 2020 and stated "… still there are other grievances concerning violations of my constitutional rights that you are neglecting to answer. Like the grievance to the violation of due process of me getting punished without a disciplinary hearing, notice of charges, a copy of disciplinary, getting punished by the same officer who alleges the rule violation, no investigation, or questioning of witnesses, or no response back from your so called due process form on." The following day, April

15, 2020, Cox responded: "since you have filed a formal suit to the courts this grievance will be closed and awaiting formal documents." *See* Exhibit A2, Requests and Grievances, pages 69 and 70.

15. On March 20, 2020, Williams submitted grievance #6,345,129. *See* Exhibit A2, Requests and Grievances, page 78. Williams stated:

> 3/18/20 My due process rights were violated. I was brought to the hole and deprived on my rights etc. without a hearing, a copy of disciplinary, a copy of notice of charges, and the accuser Ryan Hubble, is the one who gave me my punishment. Without an investigation or getting written statements from witnesses. R.Hubble verbally abused me, by telling [me] to, "SUT UP!" He fabricated false disciplinary charges. Saying "I cursed him & looked at him like that." R. Hubble is a lying,rascist,bigot [sic]. Askinhebfird [sic]

*Id*. On April 29, 2020 Director Cox responded "This has been evaluated and you were given due process." *Id*.

16. On March 21, 2020 Williams was put on three days disciplinary action for use of profane language and intimidating an officer. *See*, Exhibit A-5, Due Process Forms, page 6.

17. On April 1, 2020, Plaintiff filed a grievance (#6,407,579) alleging that he had "at least 4 grievances that have not been answered over a 5/6 month period of time… about issues concerning the violation of my constitutional rights by you and your staff/officers.  I've filed a civil complaint on a few of these issues, but would like to resolve these issues if possible, with further litigation.  However, there seems to be a lack of effort on your part administration/grievance office in responding to my grievances."  On April 3, 2020, Cox responded that he did not see any unanswered grievances.  Plaintiff responded the same day alleging that there was a problem because "I see on my end where the grievances are sent and they still say pending or open."  *See* Exhibit A2, Requests and Grievances, page 83.

18. Also on April 1, 2020, Plaintiff submitted a general request (6,407,593) alleging he had written several grievances over a 5/6 month period that have "never been answered by grievance officer and/or administration." He alleged he had been blocked from being able to submit a grievance for over three months.   He asked that it be looked into.   Officer A. Hubble responded the following day: "noted."   See Ex. A-2, Requests and Grievances, page 84.

19. On April 9, 2020, Williams filed the Amended Complaint to this case. Doc 6.

### GREENE COUNTY POLICIES AND PROCEDURES

20. It is the policy of the Greene County Detention Center that inmates will be provided a standard procedure where complaints regarding conditions of confinement may be addressed. *See* Exhibit A6, Policies and Procedures, page 57.

21. It is the policy of the Greene County Detention Center that unless a grievance is evidently frivolous or groundless, every request or complaint shall be promptly dealt with and replied to without undue delay. *See* Exhibit A6, Policies and Procedures, page 57.

22. A grievance shall be submitted in the form of a grievance statement by the inmate via the electronic kiosk request system. Such statement is transmitted immediately to the Grievance subsection of the kiosk request system. *See* Exhibit A6, Policies and Procedures, page 58.

23. The grievance shall state fully the nature of the grievance to include the time, date, names of any jail officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses. *See* Exhibit A6, Policies and Procedures, page 58.

24. Upon receipt of a grievance by the grievance officer, he/she shall review the grievance and

determine if it constitutes (1) a prohibited act by jail officer or staff member, (2) a violation of the inmate's civil rights, (3) a criminal act, (4) an abridgement of inmate privileges. *See* Exhibit A6, Policies and Procedures, page 58.

25. If the grievance constitutes a prohibited act by a jail officer or staff member, a criminal act, or a violation of the inmate's civil rights, the Jail Administrator shall order a prompt investigation. *See* Exhibit A6, Policies and Procedures, page 58.

26. Any inmate who submits a grievance shall promptly receive a written response following the investigation of the grievance. An inmate who is not satisfied with the response has the option of appealing the decision/response. *See* Exhibit A6, Policies and Procedures, page 59.

SHERIFF FRANKS, BRENT COX, D. CRITTENDEN, L. CATE, R. HUBBLE, and Sgt. BARNUM, Greene County, Arkansas *Defendants*

JaNan Arnold Thomas, Bar No. 97043
Attorney for Defendants
Association of Arkansas Counties
Risk Management Services
1415 W. Third
Little Rock, AR 72201
Phone: (501) 372-7550
Email: jthomas@arcounties.org

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I am mailing the document by United States Postal Service to the following non-CM/ECF participant:

Mr. Eric Williams, Reg#30781-009
POLLOCK - US PENITENTIARY
Inmate Mail/Parcels
PO Box 2099
Pollock, LA 71467

                                        /s/ JaNan Arnold Thomas
                                        JaNan Arnold Thomas